# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KEVIN RAY PEARCY, ADC # 146408                                               PLAINTIFF

v.                                 5:15CV00268-JLH-JJV

WENDY KELLEY, Director, Arkansas
Department of Correction; *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Kevin Ray Pearcy ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 2). He alleges that Defendants violated his constitutional rights by denying him adequate treatment for his hernia. (*Id*. at 8.) After review of Plaintiff's Complaint, I find it should be dismissed for failure to state an actionable claim.

### II.  SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.   ANALYSIS

Plaintiff contends he was first diagnosed with a hernia in February 2010. (Doc. No. 2 at 4.) He claims this condition was manageable until Joe Page, the unit's former warden, assigned him a job as a shower porter in March 2012. (*Id*. at 4-5.) Plaintiff states this job was physically demanding and caused his hernia pain to flare and worsen. (*Id*. at 5.) He states he has since learned of a surgical cure for his hernia from another inmate. (*Id*. at 6.) Plaintiff alleges he has tried, thus far without success, to get ADC medical staff to schedule him for surgery. (*Id*. at 7.)

Plaintiff makes several allegations specific to Defendants Kelley and Watson. First, he claims his hernia belt was lost after he was placed on behavioral control in January 2015. (*Id*.) He vaguely alleges the loss of his belt can be attributed to "the actions and negligence" of Kelley and Watson. (*Id*.) Next, he claims that Kelley and Watson supervise the unit medical staff and should be held responsible for their subordinates' decision not to schedule his hernia surgery. (*Id*. at 8-10.)[1] Finally, he is suing both defendants only in their official capacities because "they basically stand for the Arkansas Dept. of Correction." (*Id*. at 10.)

In light of Plaintiff's explicit intent to sue Defendants only in their official capacity, I

---

[1]Plaintiff does not allege that either Defendant ever treated him or is possessed of any medical expertise.

3

conclude that his claims for monetary damages against them are barred by sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Plaintiff has also requested injunctive relief, specifically that he be provided with surgery for his hernia. (Doc. No. 2 at 13.) This official capacity claim is not barred by sovereign immunity. *See Monroe v. Ark. State. Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (holding that state officials may be sued in their official capacities for prospective injunctive relief). It should still be dismissed, however, because it is based exclusively on a theory of *respondeat superior* and such suits are not cognizable under section 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

**IV.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 19th day of August, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."